Diederick **VAN DE WERKEN**, Relator,

v.

**BELL & HOWELL, LLC**, Respondent,

**Department of Employment and Economic Development,** Respondent.

No. A12–2194.

Court of Appeals of Minnesota.

July 15, 2013.

Diederick van de Werken, North Oaks, MN, pro se relator.

Bell & Howell, LLC, St. Louis, MO, respondent.

Lee B. Nelson, Amy R. Lawler, Minnesota Department of Employment and Economic Development, St. Paul, MN, for respondent department.

Considered and decided by HALBROOKS, Presiding Judge; HOOTEN, Judge; and WILLIS, Judge.

**OPINION**

WILLIS, Judge.*

Relator challenges an unemployment-law judge's application of severance-pay ineligibility to the period immediately following his last day of employment, resulting in a finding of an overpayment of

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

unemployment benefits. Because the unemployment-law judge erred by concluding that relator was ineligible to receive unemployment benefits during a time that he did not receive severance pay, we reverse and remand for a recomputation of relator's unemployment benefits.

## FACTS

Relator Diederick van de Werken separated from his employment with respondent Bell & Howell on May 21, 2012. Bell & Howell offered van de Werken a severance package that included severance pay equal to six weeks of salary. Van de Werken rejected this offer, and the parties negotiated the severance amount until August, at which point van de Werken agreed to accept eight weeks of wages, totaling $29,218.46. These payments were made in biweekly installments, beginning September 6.

Meanwhile, during the negotiations, van de Werken established an unemployment-benefits account with respondent Department of Employment and Economic Development (DEED) and was paid $597 weekly, beginning the week of May 20. On September 24, DEED determined that van de Werken was ineligible to receive unemployment benefits between September 2 and November 27, a period of more than 11 weeks, because Bell & Howell was making severance payments to him. Van de Werken appealed this determination, arguing that the period of severance-pay ineligibility should be only eight weeks. An unemployment-law judge (ULJ) held an evidentiary hearing.

The ULJ concluded that "[t]he severance pay and waiver amount [1] are deductible from van de Werken's unemployment and apply to the period of May 20, 2012 to July 12, 2012." This conclusion resulted in

a determined overpayment of unemployment benefits in the amount of $4,776. Van de Werken requested reconsideration, and the ULJ affirmed his initial determination. This certiorari appeal follows.

## ISSUE

Do Minnesota Statutes allow an unemployment-law judge to apply severance pay to the period immediately following the last day of an applicant's employment, even though the applicant was not then receiving severance payments?

## ANALYSIS

■ Van de Werken argues that "[i]t would only be appropriate to require reimbursement for an overpayment for the period of May 20–July 12 if I would actually have received severance pay during this period when in fact I did not." He further notes that he did not request or receive unemployment benefits during the period that he actually received severance pay. When reviewing an unemployment-benefits decision by a ULJ, we may affirm, remand for further proceedings, or reverse or modify the decision if the substantial rights of the relator may have been prejudiced because the findings, inferences, conclusion, or decision are affected by error of law, unsupported by substantial evidence in the record, or arbitrary or capricious. Minn.Stat. § 268.105, subd. 7(d)(4)-(6) (2012). We view the ULJ's factual findings in the light most favorable to the decision and give deference to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn.App.2006). Whether a statute precludes an applicant from receiving benefits is a question of law, which we review de

---

1. Bell & Howell also agreed to waive repayment of $642.06 it had paid to van de Werken as a cash advance for travel that did not occur.

novo. *Ress v. Abbott Nw. Hosp., Inc.,* 448 N.W.2d 519, 523 (Minn.1989).

Minnesota law provides that an applicant is not eligible to receive unemployment benefits for any week that the applicant

is receiving, has received, or has filed for payment, equal to or in excess of the applicant's weekly unemployment benefit amount, in the form of:

. . . .

(2) severance pay, bonus pay, and any other payments, except earnings under subdivision 5, and back pay under subdivision 6, paid by an employer because of, upon, or after separation from employment. . . .

Minn.Stat. § 268.085, subd. 3(a) (2012).

This chapter is remedial in nature and must be applied in favor of awarding unemployment benefits. Any legal conclusion that results in an applicant being ineligible for unemployment benefits must be fully supported by the facts. In determining eligibility or ineligibility for benefits, any statutory provision that would preclude an applicant from receiving benefits must be narrowly construed.

Minn.Stat. § 268.031, subd. 2 (2012); *see Stagg v. Vintage Place Inc.,* 796 N.W.2d 312, 315 (Minn.2011) (citing policy that unemployment compensation is paid only to those who are unemployed through no fault of their own as well as remedial nature of statute); *Irvine v. St. John's Lutheran Church of Mound,* 779 N.W.2d 101, 103 (Minn.App.2010) (same).

When interpreting a statute, our object is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2012). "[An appellate court] first look[s] to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language

therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (quotation and citation omitted). If the legislature's intent is clearly discernible from a statute's unambiguous language, appellate courts interpret the language according to its plain meaning, without resorting to other principles of statutory construction. *State v. Anderson,* 683 N.W.2d 818, 821 (Minn.2004).

The ULJ provided no explanation, legal or otherwise, for why van de Werken's severance payments "apply to the period of May 20, 2012 to July 12, 2012." Previous versions of the statute explicitly allocated severance pay "to the period immediately following the last day of employment" but the current version of the statute no longer contains this directive. *Compare* Minn.Stat. § 268.085, subd. 3(b) (2008), *with* Minn.Stat. § 268.085, subd. 3(b) (2012). This legislative alteration suggests that severance-pay ineligibility for unemployment benefits is more appropriately applied to the time period during which the applicant is actually receiving the payments.

DEED appears to argue that because van de Werken received severance pay "with respect to the eight weeks following his separation from employment" he was receiving severance pay under the statute even though he was not actually paid during that period. But this assumes that van de Werken knew on his last day of employment the final terms of the severance agreement and that he could control when payments were made. Bell & Howell's initial offer was for six weeks of severance pay; the final agreement was for eight weeks. Thus, had van de Werken assumed that his severance pay would be equal to six weeks of wages, he would have requested unemployment benefits for weeks seven and eight, which would have

resulted in an overpayment of benefits, in light of the final terms of his severance package. The current version of the statute allows this problem to be avoided.

■ Moreover, under the ULJ's interpretation of the statute, van de Werken was ineligible to receive unemployment benefits immediately following his separation from employment because he was entitled to severance pay, even though his employer was not yet making the payments. This reading of the statute would force employees to accept any severance pay offered that would be paid immediately or risk having no income even though they are otherwise entitled to unemployment benefits and, in turn, would encourage employers to offer less-attractive severance packages upon termination. Because the unemployment-law statutes are remedial in nature and must be applied in favor of awarding unemployment benefits, this is an inappropriate application of the statute.

### DECISION

The ULJ erred by concluding that van de Werken's receipt of unemployment benefits should be applied to the eight weeks immediately following his separation from employment, even though he was not then receiving severance payments. We remand for a recomputation of van de Werken's unemployment benefits.

**Reversed and remanded.**